UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00433-GNS-RSE

JOSEPH LEE MONTGOMERY                                                                                         PLAINTIFF

v.

SECURUS TECHNOLOGIES; and
JOSH LINDBLOM                                                                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 20). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is **GRANTED**.

### I.   BACKGROUND

#### A.   Statement of Facts

Plaintiff Joseph Lee Montgomery ("Montgomery"), proceeding *pro se*, initiated this action under 42 U.S.C § 1983 for treatment he has received while a pretrial detainee at the Hardin County Detention Center ("HCDC"). Montgomery alleges that on March 30, 2019, he "was charged and is awaiting trial on the alleged charge of rape against [a woman], with whom he has been in a relationship with since 2005, and has 2 children." (Compl. 4, DN 1). He claims that Defendant Securus Technologies ("Securus") "has it on phone records that [he] is charged with having engaged in Sodomy 12 years and under" and that "[t]his charge has caused [him] to receive threats against [his] life and almost [caused] fights." (Compl. 4). Montgomery further alleges that he "filed for protection from the jail;" that he "filed two grievances about the phone records from

Securus" and received no response; and that "[t]he phone records are still the same and they do not have any intention on fixing this problem." (Compl. 4).

B.  **Procedural History**

Montgomery initiated this Section 1983 action on June 14, 2019 against HCDC, Josh Lindblom in his official capacity as the jailer of HCDC ("Lindblom"), and Securus as the "phone system" provider of HCDC (collectively, the "Defendants") alleging violations of the Fifth, Sixth, Seventh, and Eighth Amendment. (Compl. 1-2, 5). On this Court's initial screening pursuant to 28 U.S.C. § 1915A, the Court dismissed all of Montgomery's claims as stated and instead allowed a Fourteenth Amendment due process claim to proceed against Lindblom in his official capacity and Securus for failure to protect or take reasonable steps to guarantee Montgomery's safety. (Mem. Op. & Order 2, DN 10).[1] Montgomery's claims against HCDC were dismissed because the suit against Lindblom in his official capacity is really a suit against Hardin County, and the detention center is not an entity apart from the county for Section 1983 purposes. (Mem. Op. & Order 3); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Fambrough v. Vaught*, No. 4:06-CV-P130-M, 2007 WL 891866, at *1 (W.D. Ky. Mar. 21, 2007). On March 6, 2020, Securus moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. Dismiss 1, DN 20). Montgomery did not respond.

---

[1] The Fourteenth Amendment applies because the allegations transpired while Montgomery was a pretrial detainee, not a convicted prisoner to whom the Eighth Amendment applies. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). Even so, the Sixth Circuit has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

2

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action via federal question, 28 U.S.C. § 1331, because Montgomery brings suit pursuant to 42 U.S.C. § 1983.

## III.     STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) considers whether the court has subject matter jurisdiction over the matter. The standards for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) differ in the Sixth Circuit. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *Id*.

In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, complaints drafted by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted). Even so, the Court's "duty to be less stringent with *pro se* complaints does not require us to conjure up unpled allegations." *Cope v. Jefferson Cty. Circuit Court*, No. 3:15-CV-P254, 2015 WL 5437130, at *2 (W.D. Ky. Sept. 15, 2015) (internal quotation marks omitted) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)).

### IV. DISCUSSION

Securus contends, first, that Montgomery does not have standing to bring the present action, and, second, that Securus is not a state entity for Section 1983 purposes. (Def.'s Mem. Supp. Mot. Dismiss 1, DN 20-1). Because a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is jurisdictional, the Court will consider this argument first. *See Bell*, 327 U.S. at 682; *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) ("Standing is 'the threshold question in every federal case.'" (citation omitted)).

#### A. Standing

Securus first asserts that Montgomery does not have standing to bring a Section 1983 claim because he has not established any harm. (Def.'s Mem. Supp. Mot. Dismiss 4).

Article III of the United States Constitution provides that federal courts only have the power to adjudicate actual "cases" and "controversies." U.S. Const. art. III, § 2. As such, for a case to be justiciable under Article III, a litigant must demonstrate his or her standing to sue. *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (citations omitted). To establish standing, a federal court must be satisfied that "the plaintiff has 'alleged such a personal

4

stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). Moreover, "standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (citations omitted). An injury-in-fact is one that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical . . . ." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

In this case, it is apparent that Montgomery has pleaded the requisite injury in fact, especially when considering his *pro se* Complaint liberally. Montgomery alleges that the phone records provided by Securus incorrectly reported that he was charged with sodomy with a victim 12 years or under. (Compl. 4). This error purportedly caused him personal distress, especially since it appears that this information was accessible by others. He further alleges that this incorrect record resulted in "threats against [his] life" and "almost [caused] fights." (Compl. 4). Finally, he alleges that his repeated attempts to have this mistake corrected were responded to with ridicule rather than assistance. (Compl. 4). This case is not one in which the alleged injury is too generalized or speculative as to future harm. *See Keller v. Van Tatenhove*, No. 05-CV-193-JBC, 2005 WL 1378861, at *5 (E.D. Ky. June 8, 2005) ("The instant plaintiff's allegations of possible harassment and/or transfer are based on pure conjecture, not existing facts."). Rather, Montgomery has arguably asserted ways that Securus's actions have caused him particularized, actual harm.

B. **Section 1983 Claim**

Securus next contends that it is not a state actor for Section 1983 purposes. (Def.'s Mem. Supp. Mot. Dismiss 4). To state a claim under Section 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). As such, Section 1983 does not reach "merely private conduct, no matter how discriminatory or wrongful." *Id*. at 50 (internal quotation marks omitted) (citation omitted). "The principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.'" *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In other words, there must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc*., 963 F.2d 100, 102 (6th Cir. 1991) (per curiam) (citation omitted).

The Supreme Court has created three tests to assess whether the defendant can be properly characterized as a state actor for Section 1983 purposes: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Wolotsky*, 960 F.2d at 1335 (internal citations omitted) (citation omitted). As summarized by the Sixth Circuit:

> [1] The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain . . . .
>
> [2] The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives . . . .

> [3] Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. Merely because a business is subject to state regulation does not by itself convert its action into state action. Rather, it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983.

*Id*. (internal citations omitted) (citation omitted).

Generally speaking, a vendor selling products to prisoners in custody of a department of corrections is not a state actor under Section 1983. *Bomer v. Access Catalog Co*., 75 F. App'x 382, 383 (6th Cir. 2003). Montgomery has not responded to Securus's motion to dismiss and, therefore, has not provided any argument as to why Securus, an admittedly private company providing telephone services to inmates of HCDC, should be considered a state actor for Section 1983 purposes. To the contrary, many other courts have considered this issue and decided that companies providing telephone services to inmates are not "state actors" within the meaning of Section 1983. *See Pierce v. Kalamazoo Cty. Jail*, No. 1:14-CV-684, 2014 WL 5599693, at *2 (W.D. Mich. Nov. 3, 2014) ("Plaintiff alleges that TelMate contracted with the state to provide phone services to the county jail, but the provision of telephone services to inmates in a county jail, and then charging for them pursuant to its contract with the county, does not transform TelMate into a state actor for purposes of § 1983." (citation omitted)); *Iswed v. Caruso*, No. 1:08-CV-1118, 2009 WL 4251076, at *3 (W.D. Mich. Nov. 24, 2009) ("Plaintiff fails to allege any basis for the court to conclude that Embarq's provision of telephone services to the prison are fairly attributable to the state. As a consequence, Embarq will be dismissed because it is not a state actor."); *Evans v. Skolnik*, No. 3:08-CV-00353-RCJ-VPC, 2009 WL 3763041, at *4 (D. Nev. Nov. 5, 2009), *aff'd*, 637 F. App'x 285 (9th Cir. 2015) (holding that "defendants' alleged actions of maintaining and operating the [Nevada State Prison] telephone system [are not] fairly attributable

to the state so as to subject these private party defendants to the constraints of federal suit under § 1983."); *Breland v. Evercom Sys., Inc.*, No. 7:09-CV-60-HL, 2009 WL 1490488, at *1 (M.D. Ga. May 27, 2009) ("Plaintiff does not allege that Evercom's relationship with the Colquitt County Jail goes any farther than the provision of telephone service. Thus, plaintiff's complaint fails to satisfy the under 'color of state law' element."); *but see Washington v. Reliance Tel. Sys.*, No. 1:19-CV-124, 2019 WL 5580954, at *3 (D.N.D. Oct. 29, 2019) (declining to conclude that a telephone services provider was not a state actor when "the focus of [plaintiff's] claim is largely on the alleged monitoring of telephone calls with counsel." (citation omitted)); *Walen v. Embarq Payphone Servs. Inc.*, No. 06-14201, 2009 WL 3012351, at *3 (E.D. Mich. Sept. 17, 2009) (holding that Embarq Payphone Services Inc. was a state actor because it was a joint participant with the state when monitoring and recording prisoner communications, and Embarq "provided the system that determined which communications were monitored.").

Montgomery has not pleaded any facts or otherwise argued that Securus should be considered a state actor, nor has Montgomery suggested that the facts of this case are akin to the monitoring of prisoner calls at issue in *Washington* or *Walen*. In fact, other courts considering similar circumstances have already concluded specifically that Securus is not a state actor for Section 1983 purposes. *See Butz v. Clayton*, No. 2:15-CV-12233, 2016 WL 3022704, at *5 (E.D. Mich. Apr. 25, 2016), *report and recommendation adopted*, No. 15-CV-12233, 2016 WL 2998108 (E.D. Mich. May 25, 2016) (following *Pierce* and *Iswed* to dismiss claims against Securus as a non-state actor); *Brooks v. SecurusTech.net*, No. 13-CV-4646-JS-AKT, 2014 WL 737683, at *6 (E.D.N.Y. Feb. 24, 2014) ("SecurusTech.net is not a state actor, or acting under color of state law, merely by virtue of its public contract with the Suffolk Jail. Nor is the provision of telephone services a 'traditional public function' delegated by the state to SecurusTech.net. Thus, the fact

8

that SecurusTech.net provides telephone services to prisoners at the Suffolk Jail, alone, is insufficient to transformSecurusTech.net into a state actor for purposes of Section 1983." (internal citations omitted) (citation omitted)); *Belton v. SecurusTech.net*, No. 13-CV-4850-JS-WDW, 2014 WL 524470, at *6 (E.D.N.Y. Feb. 7, 2014) (same).

Given the strong national trend towards not considering prison telephone service providers as state actors under Section 1983 and given that Montgomery has not otherwise advanced this argument, this Court concludes that Securus is not a state actor based on the facts as pleaded. Securus will be dismissed from this action.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 20) is **GRANTED**, and Plaintiff's claims against Defendant Securus Technologies are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

June 18, 2020

cc: counsel of record
Joseph Lee Montgomery, *pro se*